IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| MC3T, Inc., | ) | Civil Action No. 7:09-CV-2602-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | (Jury Trial Requested) |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff MC3T, Inc., complaining of Defendant State Farm Fire and Casualty Company, would respectfully show and allege unto this Honorable Court:

### VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. There exists complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

2. The events which give rise to the claims as set forth herein occurred in Cherokee County, South Carolina, and venue is proper in this Court and Division pursuant to 28 U.S.C. § 1391 and Local Rule 3.01.

3. This Complaint also contains an action for declaratory judgment brought under 28 U.S.C. § 2201, et seq. and Rule 57 of the Federal Rules of Civil Procedure in which Plaintiff, MC3T, Inc., asks this Court to inquire into the real and actual controversy that exists between the parties and to adjudicate the respective rights and obligations as set forth below.

### PARTIES

4. The Plaintiff, MC3T, Inc. (hereinafter referred to as "MC3T"), is a corporation organized and existing under the laws of South Carolina, and is and was, at all times hereinafter mentioned, doing business and acting through its agents, adjusters, servants, and employees in Cherokee County, South Carolina. MC3T's principal owners consist of Don Trahan, Kenneth Trahan, D.J. Trahan and Jack Moore.

5. Upon information and belief, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm") is a corporation organized and existing under the laws of a state other than the State of South Carolina and doing business in the Counties of, for example, Cherokee and Spartanburg, South Carolina.

## FACTUAL BACKGROUND

6. MC3T is a wholesale broker of wine and a retailer via its website. MC3T's wine is/was "business personal property," as described under the insurance policy described herein and was warehoused at 345 Windslow Avenue, Gaffney, Cherokee County, South Carolina; said warehouse was covered under the insurance policy as the "covered premises."

7. MC3T had an exclusive distributorship with Gambino Wine Imports, LLC for high quality and unique wines. At the time of the loss described below, MC3T had advance sales with considerable interest from numerous buyers and customers after successful marketing.

8. For good consideration and value received, State Farm issued to MC3T a business insurance policy, policy number 27-1935-F341 Q (the "Policy"), which insured MC3T for the building(s), business personal property, loss of income, business liability, products-completed operations, and certain other additional coverage areas, and other first party benefits. The policy was effective from May 23, 2008 through May 23, 2009, including the date of the incident described below. See a true and accurate copy of the Declarations Page, Exhibit A, attached hereto and incorporated herein by reference.

9. At all times relevant hereto, the Policy was in full force and effect and premium payments were current and MC3T had complied with all conditions precedent to payment of the first party benefits.

10. The Policy provided coverage for losses to business personal property occasioned by vandalism. State Farm expressly represented that any losses to business personal property, loss of income, or other covered events would be timely and properly investigated, adjusted, and paid.

11. Prior to July 13, 2008, MC3T rented an air conditioned warehouse to store its wine inventory at required (cool) temperatures, located at 345 Windslow Avenue, Gaffney, Cherokee County, South Carolina. On or about July 13, 2008 the warehouse was vandalized, disabling the air conditioning and causing the wine to "cook" in the extreme heat and proximately causing MC3T to incur significant losses and expenses as a result.

2

12. MC3T promptly notified State Farm of its claim of loss and requested that State Farm evaluate and adjust MC3T's losses.

13. MC3T has made demand upon State Farm for payment of benefits, which have not been timely honored.

14. State Farm did not adequately investigate, evaluate, adjust, and/or assess MC3T's covered losses caused by vandalism and the delay in paying the lost inventory claim, which caused us to lose the Gambino contract exclusive.

15. MC3T relied upon the representations of State Farm and had right to rely upon the same. Said representations included, but are not limited to State Farm's policy statement that "If Loss of Income coverage is shown in the Declarations, we will pay: 1. for the actual loss of 'business income' you sustain due to the necessary suspensions of your 'operations' during the 'period of restoration…" ("Coverage C, Loss of Income" of State Farm's business policy.)

16. State Farm made said representations with knowledge of their falsity and/or with a reckless disregard of their truth or falsity.

17. State Farm paid MC3T less than said Plaintiff was entitled to under the Policy.

18. State Farm delayed and unreasonably refused to promptly pay for MC3T's loss of income which was provided by the Policy. State Farm making the self-serving conclusion that, "Since MC3T, LLC is a start up company with sales of only two bottles of wine in the first three months of operations…it is unlikely that MC3T, LLC would have had enough sales during the 'period of restoration' to generate a profit for that period of time."

19. MC3T has repeatedly made demand upon State Farm for State Farm to honor the Policy and to pay MC3T's claim that arose out of the vandalism, however, State Farm has failed to pay and refuses to pay.

20. State Farm breached the Policy and/or unjustifiably failed to perform its obligations under the Policy by failing and refusing to timely and properly investigate MC3T's losses in good faith and to pay MC3T's benefits under the Policy when payment of those benefits became due as a result of the vandalism at MC3T's place of business on July 13, 2008.

21. State Farm has breached the covenant of good faith and fair dealing.

22. As a direct and proximate result of State Farm's breach of the Policy and/or unjustifiable failure to perform its obligations under the Policy, MC3T has suffered certain actual and consequential damages such that MC3T is entitled to recover damages along with

prejudgment interest, reasonable attorney's fees, and such other relief as is available to MC3T, whether specifically prayed for herein or not.

## FOR A FIRST CAUSE OF ACTION
### (Bad Faith)

23. MC3T re-alleges the jurisdictional and factual allegations in paragraphs 1 through 22; said allegations are reiterated and reaffirmed as though set forth verbatim herein.

24. This cause of action is brought for actual, consequential, incidental, and punitive damages due to the above described actions of State Farm and its bad faith refusal to pay MC3T's valid claim for benefits on damaged inventory under the Policy and because of its aggravated breach of agreement with MC3T causing further damage and refusing to pay for loss of business income, which losses were aggravated and exacerbated by Defendant's bad faith conduct.

25. The issuance of the Policy to MC3T created a contractual relationship between MC3T and State Farm.

26. State Farm therefore was subject to the implied-in-law duty to act fairly and in good faith in order not to deprive MC3T of the benefits of the Policy in order not to cause MC3T additional damages and in order not to delay and/or hinder payment of MC3T's claims. MC3T is informed and believes that State Farm owed MC3T a duty of good faith and fair dealing and implicitly covenanted to refrain from doing anything to impair MC3T's rights to receive benefits under the Policy.

27. Upon information and belief, State Farm, individually and/or through agents, servants, and/or employees, knowing that MC3T's claims were wholly valid and should be paid, did wrongfully and in breach of the implied covenant of good faith and fair dealing withhold and deny the benefits due to MC3T.

28. Upon information and belief, State Farm has acted in bad faith and/or was negligent, reckless, willful, and wanton and breached its duty and covenant of good faith and fair dealing in the following particulars:

   (a) In refusing to honor claims submitted for first party benefits within thirty (30) days from reasonable proof of the claim;

   (b) In unreasonably delaying payment of MC3T's claims;

(c) In failing to communicate to MC3T any reasonable justification for failing to honor the claim(s);

(d) In failing to attempt in good faith to effect a fair, prompt, and equitable settlement of the claim(s);

(e) In compelling MC3T to institute a lawsuit to recover lawful benefits due under the Policy;

(f) In failing to fully investigate and review the claims to determine in good faith whether or not the claims came within the coverage afforded by State Farm's policies;

(g) In refusing and continuing to refuse to give reasonable interpretations to the provisions in the Policy or any reasonable application of such provisions to MC3T's claims and in acting to protect its own financial interest therein at the expense of MC3T's rights;

(h) Throughout the course of dealings between MC3T and State Farm, in acting negligently, in bad faith, and in reckless disregard of the rights of its insured, MC3T;

(i) In misrepresenting to MC3T pertinent facts and/or policy provisions relating to the coverages provided by the Policy;

(j) In providing deceptive and/or misleading information with respect to coverages provided by the Policy, investigation and processing of claims under the policy;

(k) In failing to acknowledge with reasonable promptness pertinent communications from MC3T with respect to its claims arising under the Policy;

(l) In failing to adopt, implement, and/or follow reasonable standards for the prompt investigation and settlement of MC3T's claims arising under the Policy;

(m) In not attempting in good faith to effect prompt, fair, and equitable settlement of MC3T's claims submitted to State Farm for loss of business income when liability had become clear and when State Farm had accepted responsibilities for the loss of business personal property;

(n) In invoking or threatening to invoke policy defenses not in good faith and/or with a reasonable expectation of prevailing with respect to the policy defenses but for the primary purpose of discouraging or reducing MC3T's claim;

(o) In misrepresenting to MC3T that its claims were not covered by its policy of insurance and attempting to claim that the cause of MC3T's damages were the result of an uninsured cause and/or event;

(p) In delaying and/or refusing to pay MC3T's claim by alleging non-coverage or delays by MC3T when State Farm knew or should have know that MC3T's claims were covered and that the delays were caused by State Farm;

(q) In engaging in a course of conduct that was for the purpose of wearing down MC3T in order to get MC3T to abandon its claim against State Farm;

28. As a direct result of the above described acts of omission and/or commission, the MC3T incurred damages as above described.

29. MC3T is informed and believes that it is entitled to actual, consequential, incidental, and punitive damages on its First Cause of Action together with prejudgment interest on the amount due under the Policy from the date its claim should have been paid.

30. As a proximate and direct result of the negligence, gross negligence, bad faith, willfulness, recklessness, and wantonness, MC3T has been damaged, including, but not limited to, consequential damages and loss of business created by the delay and the bad faith refusal of State Farm to pay the costs of hiring legal counsel to pursue the claim, the costs and expenses associated with bringing this action, and the loss of interest on the money owed by State Farm due to their refusal to timely honor the claim. MC3T is informed and believes that it is entitled to judgment against State Farm for loss and damage in a sum to be determined by a jury for both actual and punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

31. MC3T re-alleges the jurisdictional and factual allegations in paragraphs 1 through 30; said allegations are reiterated and reaffirmed as though set forth verbatim herein.

32. The above-described actions on the part of State Farm constitute a breach of the Policy with MC3T, and an aggravated breach of contract.

33. As a result of the above-described breach of contract, MC3T sustained damages as herein described.

34. The actions of State Farm were unreasonable and in bad faith and therefore justify an award of attorneys' fees and costs according to statute.

35. MC3T is informed and believes that it is entitled to actual, consequential, and incidental damages on its Second Cause of Action as well as prejudgment interest.

36. MC3T is also informed and believes that it is entitled to reasonable attorneys' fees and costs according to statute.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract Accompanied by Fraudulent Acts)

37. MC3T re-alleges the jurisdictional and factual allegations in paragraphs 1 through 36; said allegations are reiterated and reaffirmed as though set forth verbatim herein.

38. The above-described acts by State Farm constitute a breach of the Policy with MC3T.

39. Upon information and belief, State Farm's breach and/or unjustifiable failure to perform was accompanied by the fraudulent acts of obscuring the cause of the damage, refusing and failing to pay MC3T's benefits under the Policy, fraudulently refusing and failing to honor its obligations under the Policy, and wrongfully protecting its own financial interests at the expense of MC3T's rights.

40. Upon information and belief, State Farm's breach of the Policy and/or its unjustifiable failure to perform its obligations under the Policy was/were accompanied by a fraudulent intent and act related to the breach and/or unjustifiable failure to perform.

41. Upon information and belief, the above described actions by State Farm constituted fraudulent actions accompanying the breach of the Policy.

42. Upon information and belief, State Farm fraudulently intended to, and did knowingly, willfully, and without good faith basis refuse to, pay the benefits due to MC3T under the Policy despite MC3T's known valid claims under the terms of the Policy.

43. Upon information and belief, when State Farm delayed and denied MC3T's claims, as mentioned above, it did so with the intent to defraud and deceive MC3T and with the intent to induce MC3T to forebear its rights and/or to drop its insurance claims. MC3T did, in fact, forebear its rights in revocable reliance on State Farm's representations of a good faith investigation and promise of prompt payment, among others.

44. As a result, MC3T sustained actual, consequential, and incidental damages as above described.

45. MC3T is informed and believes that it is entitled to actual, consequential, incidental and punitive damages on its Third Cause of Action as well as prejudgment interest.

### FOR A FOURTH CAUSE OF ACTION
(Federal Declaratory Judgment Act)

46. MC3T re-alleges the jurisdictional and factual allegations in paragraphs 1 through 45; said allegations are reiterated and reaffirmed as though set forth verbatim herein.

47. MC3T has made proper claims for coverage and payment under the Policy and payment by Defendant as set forth hereinabove; however, Defendant has failed and refused to make payment in full. As such, there are issues under the Policy to be determined by the Court, including but not limited to the following:

   (a) Whether or not Defendant has an obligation to provide coverage to MC3T under the Policy for loss of business income;

   (b) Whether or not Defendant has wrongfully delayed, failed and/or refused coverage and payment to MC3T under the Policy; and

48. This cause of action is brought under the Federal Declaratory Judgment Act. MC3T asks the Court to review the issues presented and make a determination as to whether or not the Defendant has a duty to indemnify MC3T under the Policy as set forth herein.

**WHEREFORE,** Plaintiff, MC3T, Inc., prays for the Court to grant judgment for its actual, special, incidental, and consequential damages, reasonable attorneys' fees, the costs and disbursements of this action, prejudgment interest, punitive damages, and such other relief as this Court deems fit and proper.

Respectfully submitted this 25th day of September 2009.

                **GRAY, LAYTON, KERSH,**
                **SOLOMON, FURR & SMITH, P.A.**

By:    /s/ Ted F. Mitchell
        Ted F. Mitchell
        Fed. Bar I.D. No. 9831
        S.C. State Bar No. 12184
        Post Office Box 2636
        Gastonia, North Carolina 28053-2636
        Telephone: 704-865-4400
        Facsimile: 704-866-8010
        E-Mail: tmitchell@gastonlegal.com

*Attorneys for MC3T, Inc.*

## VERIFICATION

Kenneth P. Trahan, being first duly sworn, deposes and says that he is the Controller for the Plaintiff, MC3T, Inc., in this action, and that he has read the foregoing Complaint and knows the contents thereof to be true of his best knowledge and belief except as to those matters and things alleged therein upon his information and belief, and as to those matters and things, he believes the same to be true.

By: _____
Kenneth P. Trahan

NORTH CAROLINA
GASTON COUNTY

I, the undersigned, a Notary Public of the County and State aforesaid, certify that Kenneth P. Trahan personally came before me this day and acknowledged that he is the Controller for MC3T, Inc., a North Carolina corporation, and that as such, being authorized to do so, he executed the foregoing on behalf of the corporation.

Witness my hand and official stamp or seal, this 3rd day of August 2009.

_____
Notary Public
My commission expires: 6/24/2014