# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| MC3T, Inc., | ) | Civil Action No.: 7:09-CV-2602-HFF |
| Plaintiff, | ) | |
| v. | ) | CONSENT PROTECTIVE ORDER |
| State Farm Fire and Casualty Company, | ) | |
| Defendant. | ) | |

This consent protective order is to set forth a procedure for the parties to designate materials produced in discovery as confidential and to regulate the use of those documents in this case. Accordingly, with the consent of both parties the following procedure is established for designating documents as confidential under this consent protective order and the use of these documents.

1. If either party wishes for documents to be covered under this protective order that party will describe with particularity the documents so covered and the page numbers of those documents.

2. If the parties cannot agree that documents should be covered under this protective order the parties will ask the Court to decide whether the documents in question should be covered under the protective order.

3. Documents covered by this protective order may be disclosed to:
    (a) Representatives or employees of a party;
    (b) Employees or other office personnel of counsel for the parties actively engaged in the conduct of this litigation;
    (c) Experts or litigation consultants engaged by counsel to assist in this litigation;
    (d) Fact witnesses listed in answers to interrogatories.

4. Before either party files with the Court a document covered under the protective order that party shall inform the other party of the intent to file the document. The

other party shall within 10 days state in writing whether it will insist that the document be filed under seal. The party insisting that a document or documents be field under seal will be required to explain in writing why less drastic alternatives to sealing will not afford adequate protection. See Local Civil Rule 5.03 (A)(3). If a party files a document under seal that party will follow the procedures outlined in Local Civil Rule 5.03.

5. Within 30 days of the conclusion of this litigation each party will return to the other party all copies of documents covered under this protective order.

6. Each party agrees it will use documents covered by this protective order only for the purpose of prosecuting or defending this law suit and for no other purpose.

| **WE SO MOVE AND CONSENT:** | **WE SO MOVE AND CONSENT:** |
|---|---|
| NELSON MULLINS RILEY & SCARBOROUGH LLP | GRAY, LAYTON, KERSH, SOLOMON, FURR & SMITH, P.A. |
| By: /s/ Charles R. Norris 2/12/10<br>Charles R. Norris<br>Federal Bar No. 2549<br>Post Office Box 1806<br>Charleston, SC 29402-1806<br>843-853-5200 | By: /s/ Ted F. Mitchell<br>Ted F. Mitchell<br>Federal Bar No. 9831<br>Post Office Box 2636<br>Gastonia, NC 28053-2636<br>704-865-4400 |
| *Attorneys for*<br>*State Farm Fire and Casualty Company* | *Attorneys for Plaintiff* |

**s/Henry F. Floyd**
Henry F. Floyd
Judge, United States District Court

Spartanburg, South Carolina
February 16, 2010